26095. CRISP *v.* WRIGHT.

DECIDED JULY 16, 1937. ADHERED TO ON REHEARING, JULY 30, 1937.

*William C. Henson, H. Keller Wilson,* for plaintiff in error.
*Ernest P. Rogers, Harold Hirsch, Marion Smith,* contra.

STEPHENS, P. J. Mrs. Mary M. Wright instituted suit against W. G. Crisp, to recover damages to the plaintiff's automobile allegedly resulting from the negligence of the defendant in the operation of the automobile by his authorized agent, or in the operation of the automobile by one who at the time was drunk, to whom the defendant had entrusted the automobile with knowledge of this person's drunken condition.

It appeared from the evidence that the plaintiff had left her automobile parked on a public street between 12 and 1 o'clock at night, without any lights thereon, in violation of the law, and that the defendant's automobile, which was not driven by the de-

fendant, who was not in the automobile, but was driven by another person, deviated to the left side of the street and collided with and damaged, to the extent indicated by evidence, the automobile of the plaintiff which was on the left side of the street. It appeared without dispute from the evidence that the defendant, Crisp, was in a restaurant and was under the influence of whisky, that a policeman suggested to the defendant that he permit a person by the name of Gordon Tyson to drive the defendant's automobile and take the defendant to the hotel where he resided, or take him wherever he was going; that the defendant acquiesced in this suggestion, and gave the keys of the automobile to Tyson; that a person by the name of Howard got into the automobile, and the defendant said to Howard "Come on, I will take you home in a few minutes or after a while;" that Tyson, Howard, and the defendant went off in the automobile, Tyson driving; that after leaving in the automobile Crisp invited them to go by his place of business and get a drink; that they went there, and both Howard and Tyson took several drinks of liquor which Crisp gave them; that they all left in the automobile, Tyson driving, and went to 87 Harris Street; that after arriving at 87 Harris Street all of them took several drinks; that Tyson did not like the surroundings at 87 Harris Street, and after staying there a short while he and Howard got into the automobile, leaving Crisp behind, and (so far as it appears from the evidence), without any express authority from Crisp or without any knowledge of Crisp, proceeded to take Howard home; that Tyson decided to take Howard home because Crisp had stated that he (Crisp) would take Howard home, and Tyson thought that in taking Howard home he was doing Crisp a favor; that Crisp never took back the keys of the automobile from Tyson; that Tyson took Howard home, and as Tyson was going back to town in Crisp's automobile, which Tyson was driving, the automobile ran into the plaintiff's parked automobile and damaged it; that Tyson was drinking at the time, and remembered nothing about the collision with the plaintiff's automobile; that Tyson got out of the automobile which he was operating, and ran; that after the collision Tyson endeavored to find Crisp and report to him what had happened, but Tyson was too drunk to find Crisp, and went to sleep and did not awake until morning; that after he awaked he went to Crisp's place of business

to report, and Crisp had him arrested; and that he was tried on the charge of driving an automobile without permission of the owner, and the case was dismissed. There was evidence that Tyson stated to the police officer who arrested him that he did not mean to steal the automobile; that Tyson stated to Crisp that he carried the automobile off without Crisp's knowledge, and merely for the purpose of taking Howard home, and did not know that Crisp would care, and did not know whether he drove the automobile off without Crisp's permission; that shortly after Tyson and Howard left 87 Harris Street, the defendant missed his automobile, and went to the police station and reported that the automobile was stolen. It appeared from the police-court record that it was reported at about 1 a. m. that the defendant's automobile was stolen. From the evidence of the plaintiff it appeared that her automobile was wrecked at 1:30 o'clock a. m.

A verdict for the plaintiff was rendered. The defendant excepted to the overruling of his motion for new trial.

The plaintiff can not recover unless at the time of the collision Tyson was operating the defendant's automobile either with the defendant's consent or permission, or was at that time the defendant's agent or servant and engaged about the defendant's business. It is undisputed in the evidence that Tyson was not regularly employed by the defendant as his servant to operate the automobile. While it may appear from undisputed evidence that the driver, when operating the automobile at the time of the accident, was not the agent or servant of the defendant, it does appear that the defendant delivered the keys of the automobile to the driver and engaged the driver to operate the automobile, and permitted him to do so after the defendant had given him intoxicating liquors, and that the defendant expressed the intention of taking the other person to his home; and it does not appear that the defendant at any time withdrew permission from the driver to operate the automobile, or that the defendant took back the keys. The inference is authorized that the defendant permitted the driver, while knowing him to be under the influence of intoxicants and therefore not competent to operate an automobile carefully along a public street, to operate the automobile on the street and to take the other person home, and that at the time of the accident the driver was operating the automobile with the defendant's per-

mission and while under the influence of intoxicating liquor with the defendant's knowledge. Where a person, with knowledge that another person is under the influence of intoxicating liquor and not in a condition safely to operate an automobile, entrusts the automobile to such person to be operated along the public street, he is liable in damages for that person's negligent operation of the automobile, due to his drunkenness. *NuGrape Bottling Co.* v. *Knoll,* 47 *Ga. App.* 539 (171 S. E. 151). The evidence authorized the inference that the damage to the plaintiff's automobile was proximately caused by the negligence of the defendant.

*Judgment affirmed. Sutton and Felton, JJ., concur. Stephens, P. J., dissents.*

STEPHENS, P. J. The foregoing ruling represents the conclusion of my colleagues who constitute the majority of the court. From it I dissent. Speaking for myself alone: It is undisputed in the evidence that Tyson was not regularly employed by the defendant as his servant to operate the automobile. So far as it can be inferred from the evidence, Tyson was engaged by Crisp for no purpose whatsoever (construing the evidence most strongly for the purpose of sustaining the plaintiff's case) than to operate the automobile and to take Crisp home or wherever Crisp was going; and that Tyson was so engaged by Crisp at the suggestion of a policeman, because Crisp was drunk and it was not advisable for Crisp himself to operate the automobile. While it is true that Crisp remarked to Howard that Crisp would take Howard home, this remark to Howard, although it was made in the presence of Tyson, certainly could not be construed as any authority to Tyson, without further orders or consent from Crisp, to take the automobile without Crisp's knowledge, and, leaving Crisp behind, proceed to take Howard home. In so far as Tyson had any authority to operate the automobile, that authority was to take Crisp home or where Crisp was going. After they arrived at 87 Harris Street, Tyson had no authority respecting the operation of the automobile, if he had any, except to take Crisp from 87 Harris Street to any other place where Crisp might desire to go. Tyson's authority to operate the automobile had terminated, and he had no authority to operate it any further, unless Crisp had reauthorized him to do so. It does not appear that Crisp did this. The fact that Crisp had not redeemed the keys from Tyson is insuffi-

cient, either alone or in connection with other evidence, to authorize an inference that Tyson had authority to use the automobile other than to take Crisp home or where Crisp was going. The situation is the same as if Tyson had carried Crisp home and had put the automobile in Crisp's garage, without delivering the keys to Crisp and without Crisp having called for the keys, and Tyson had gone to Crisp's garage the next day and had taken out the automobile and had gone on some unauthorized errand for Crisp such as taking Howard home. It appears from undisputed evidence that at the time of the collision Tyson was not operating the automobile as the agent or servant of Crisp, or with authority from Crisp. Therefore the evidence is insufficient to authorize the inference that the negligence of Tyson in the operation of the automobile which caused the damage to the plaintiff's automobile was imputable to Crisp. I am of the opinion that the verdict for the plaintiff was unauthorized, and that the court erred in overruling the motion for a new trial.