30230.   HENRY GRADY HOTEL COMPANY *v.* STURGIS.

DECIDED DECEMBER 4, 1943.   REHEARING DENIED DECEMBER 17, 1943.

382

*John M. Slaton, James J. Slaton,* for plaintiff in error.

*Benton E. Gaines, A. S. Grove,* contra.

FELTON, J. (After stating the foregoing facts.). ■ This is a common-law action based not upon one act of negligence, but upon a series of acts, a combination of which allegedly caused the injury complained of. It will not be necessary to examine all the acts of negligence. We shall put our finger on one alleged act which breaks the chain. When the chain is broken the question whether the remaining acts of negligence proximately caused the injury is one of speculation and conjecture and falls within the provisions of the Code, § 105-2008, which provides: "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrong doer." At common law there

was no right of recovery for selling or furnishing intoxicating liquor to an intoxicated person. *Belding* v. *Johnson*, 86 *Ga.* 177 (12 S. E. 304, 11 L. R. A. 53). Whatever the reasons for such a rule, and whether we agree or disagree with them, the courts have no authority to grant recoveries or authorize actions unknown to the common law. That is a matter for the legislature. As was said in Seibel *v.* Leach, 233 Wis. 66 (288 N. W. 774), "Courts may in proper instances apply old rules to newly created conditions, but they cannot create new rules for conditions already regulated. The common-law rule holds the man who drank the liquor liable and considers the act of selling it as too remote to be a proximate cause of an injury caused by the negligent act of the purchaser of the drink." Since no recovery could be had under common-law principles for the selling or furnishing of whisky to an intoxicated person, the only other question to be decided is whether Ga. Code Ann. § 58-1061, authorizes a, recovery for such an act. That section provides: "Any person who, by himself or another, shall furnish or cause to be furnished, or permit any person in his employ to furnish alcoholic, spirituous liquors, or beverages to any minor, to any person who is noticeably intoxicated, or to any habitual drunkard whose intemperate habits are known to such person, shall be guilty of a misdemeanor, and upon conviction, shall be punished as for a misdemeanor." The quoted section is a criminal law and must be strictly construed. It provides against the *selling* or *furnishing* of alcoholic, *spirituous liquors,* or *beverages.* It does not prohibit the furnishing of money or other exchangeable article to be used for the purpose of buying liquor. The section does not penalize the purchase or reception of the liquid by the intoxicated person, so the person who furnished the money for the purpose of purchase would not be guilty as an accessory before the fact because he would not have procured, counseled, or commanded another to commit a crime. As an act cannot be regarded as negligence which one has a legal right to do, the furnishing of the money for the purchase of the whisky would not be an act of negligence under the common law, where the whisky was legal, nor under the statute mentioned, because it does not penalize the act in question. The drinking of the whisky purchased with the $4 allegedly furnished therefor is a strong link in the chain of acts of negligence alleged and the alleged death very soon followed. If the defendant was not

legally responsible for this link in the chain, the cause of the injury is speculative. It is not alleged or contended that all of the *other* acts of alleged negligence would have caused the injury. We are not deciding that the other alleged acts were or were not negligent. We only hold that omitting the act of furnishing the money, the proximate cause of the injury was the drinking of the whisky by the deceased on January 9, and that the other alleged causes are too remote. The principle announced in *Bennett Drug Stores* v. *Mosely*, 67 *Ga. App.* 347 (20 S. E. 2d, 208), is not applicable in this case for the reason that the statute here involved was not enacted for the purpose of protecting the injured person from one who furnished money to him for the purpose of buying whisky. It is not necessary under the above ruling to decide the various other questions raised by the demurrers.

The petition is also defective in that it does not affirmatively allege that the death was attributable to scalding. The allegation that Dr. Marion C. Pruitt pronounced the deceased dead from burns from scalding is a hearsay allegation.

The special demurrers, except as indicated by the above rulings on the general demurrer, were properly overruled, so far as questions considered and decided are concerned.

The court erred in overruling the general demurrer.

*Judgment reversed.* *Stephens, P. J., and Sutton, J., concur.*