37008. BERGER & COMPANY, INC. *v.* GRAY *et al.*

DECIDED FEBRUARY 26, 1958.

*Abraham J. Walcoff,* for plaintiff in error.

*Lewis Cenker,* contra.

FELTON, Chief Judge. 1. The petition does not allege a cause of action on the theory that the defendants had procured the breach of a contract existing between the plaintiff and the owner of the property by the owner of the property which would give rise to a cause of action under Code § 105-1207. Nowhere does the petition show that the owner of the property had listed the property with the plaintiff for sale or that there was any kind of contract between the plaintiff and the owner regarding such property. It is alleged that the plaintiff through its agent had informed the defendants that the owner of the property had listed the property with the plaintiff for the purpose of procuring a purchaser. However, that does not allege a fact that such a contract of listing existed, and it was an allegation based on hearsay. *Henry Grady Hotel Co.* v. *Sturgis,* 70 *Ga. App.* 379, 387 (28 S. E. 2d 329).

2. The petition does not state a cause of action under the theory that the defendants had breached a private duty that the defendants owed the plaintiff. See Code § 105-104. The plaintiff does not allege that it was the agent of the defendants for the purpose of purchasing the property or that any kind of contract existed between the defendants and the plaintiff regarding such property. The petition does not otherwise show that there existed any relationship between the defendants and the plaintiff, the interference with which would give rise to a cause of action. Nor does it show any duty owed by the defendants to the plaintiff, the violation of which would give rise to a cause of action.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*