53847, 53848. KEATON et al. v. KROGER COMPANY
et al. (two cases).
53849. CHANCEY v. KROGER COMPANY et al.

MARSHALL, Judge.

The appellants are plaintiffs in a wrongful-death action brought after their children were killed in an automobile accident; in addition the appellant in case No. 53847 seeks damages for another child's injury sustained in the same accident. The action was originally brought against Robert DeReus, a minor, and Marvin DeReus, his father; the younger DeReus was the driver of a car which struck that occupied by the appellants' children, and the elder DeReus was the owner of the car being driven by his son. The Kroger Company was added as a defendant subsequent to the filing of the original action.

The Kroger Company moved for and received summary judgment, and the plaintiffs below appeal. The record is voluminous, and, construing the evidence offered therein against Kroger and in favor of the plaintiffs' claim under the procedural posture of the case, the following facts appear: On the day in question, the younger DeReus was in possession of his father's car and had as passengers therein several other teenage friends. These minors decided to drive to the Kroger store to purchase beer; apparently the store had a reputation among local high school students as an establishment where beer could be obtained by them, and these juveniles had themselves secured beer there on previous occasions. The minors pooled their resources and gave the common funds to one youth; four of them then entered the store, and each took an eight-pack of beer to the check-out counter where the juvenile with the merged funds attempted to pay for the purchase. The bag boy at the check-out line was a fellow classmate, and told the cashier to ask for identification to determine the age and eligibility to buy beer; the cashier did ask for and was shown the youth's driver's license. The license indicated the purchaser's age to be sixteen; the cashier's deposition indicates that she made an arithmetical miscalculation, erroneously concluded the minor to be twenty years of age, and sold him the beer. The youths left the Kroger

store with thirty-two bottles of beer, and proceeded to drive around, visiting several places. The driver of the car, young DeReus, apparently shared in the consumption of the purchased beer. While driving at an excessive speed, he ran his automobile through a stop sign, and struck another vehicle in the intersection; five persons were killed in the crash. The record shows that the driver DeReus' blood sample indicated 0.10% by weight of alcohol at the time of the accident.

The Kroger Company urges that, upon this evidence, there was no genuine issue of material fact, and that it was entitled to judgment as a matter of law. The trial judge agreed. The issue as we perceive it is this: What is the liability of one who supplies alcohol to a minor, for injuries sustained by another at the hands of the intoxicated minor? *Held:*

At common law there could be no recovery by one injured by an intoxicated person from the party who supplied the intoxicant. In *Belding v. Johnson,* 86 Ga. 177, 180, 181 (12 SE 304) (1890), our Supreme Court held: "There are many cases in the reports where recoveries have been had against barkeepers for injuries arising from the sale of liquor to persons, but all of them, so far as we have ascertained, . . . are founded wholly upon special statutes authorizing recovery for such injuries. In no other State has the right to recover been placed upon common law principles; and several of the courts, in discussing the question, say that no recovery could be had at common law. As we have no special statute in this State authorizing such recovery, . . . we affirm the judgment of the court below sustaining the demurrer and dismissing the case." That case (brought by a third party injured by the intoxicated person), also discussed two Georgia statutes on negligence that might have possible application, but rejected these statutes as not having appositeness because, in addition to the absence of a special statute, the facts of the case indicated that the damages claimed were too remote.

Since the decision in *Belding v. Johnson,* supra, Ga. L. 1937-38, Extra. Sess., pp. 103, 118 (Code § 58-1061) was enacted, making the supply of liquors to minors, intoxicated persons and habitual drunkards a

misdemeanor. That statute received consideration in *Henry Grady Hotel Co. v. Sturgis,* 70 Ga. App. 379 (28 SE2d 329) (1943). At page 385 of that opinion, it was held: "At common law there was no right of recovery for selling or furnishing intoxicating liquor to an intoxicated person . . . [T]he courts have no authority to grant recoveries or authorize actions unknown to the common law. That is a matter for the legislature."

We did not, at the time of *Belding,* as that court held, have a "special statute in this State authorizing such recovery." 86 Ga. 177, p. 181. And, clearly, § 58-1061 is not such a statute. While it is true that the acts of furnishing liquor to minors, intoxicated persons and habitual drunkards were first made criminal by § 58-1061 in the 1937-38 liquor Act, which was subsequent to *Belding,* it does not follow that that statute should therefore be regarded as the "special statute" referred to in the *Belding* decision.

*Belding* was decided in 1890. By that time, it had long since been unlawful to furnish liquor to minors (Ga. L. 1875, p. 102), to intoxicated persons (Code of 1863, § 1381; Ga. L. 1888-89, p. 140) and to habitual drunkards (Ga. L. 1882-83, p. 130). Those were the provisions which were carried forward in the various codes and which now appear as Code Ann. §§ 58-611, 58-612, with duplication in § 1061. Since they were of force at the time of *Belding,* they were thus held to afford no basis for civil recovery when that court ruled "we have no special statute in this state authorizing such recovery."[1]

---

[1] Other courts are in accord with the rule that regulatory liquor statutes such as §§ 58-611, 58-612 and 58-1061 do not create civil causes of action. "Statutes generally similar to this one exist in most, if not all, of the states. They are not ordinarily considered to change the common law rule of non-liability." Carr v. Turner, 238 Ark. 889 (385 SW2d 656, 657) (1967). Accord, Holmes v. Circo, 196 Neb. 496 (244 NW2d 65) (1976); Hulse v. Driver, 11 Wash. App. 509 (524 P2d 255) (1974); Parsons v. Jow, 480 P2d 396, 397 (2) (Wyo. 1971); Hamm v. Carson City Nugget, Inc., 85 Nev. 99 (450 P2d 358) (1969); Meade

The decision in *Henry Grady Hotel Co. v. Sturgis,* 70 Ga. App. 379, supra, is consistent with the common law. In that case, it was held that the selling, to a person listed by the statute, of intoxicants, is a criminal offense and negligence per se insofar as injuries to the purchaser may be concerned. But, in addition, the case holds at pages 385-386: "At common law there was no right of recovery for selling or furnishing intoxicating liquor to an intoxicated person. *Belding v. Johnson,* 86 Ga. 177 (12 SE 304, 11 LRA 53). Whatever the reasons for such a rule, and whether we agree or disagree with them, the courts have no authority to grant recoveries or authorize actions unknown to the common law. That is a matter for the legislature. As was said in Seibel v. Leach, 223 Wis. 66 (288 NW 774), 'Courts may in proper instances apply old rules to newly created conditions, but they cannot create new rules for conditions already regulated. The common-law rule holds the man who drank the liquor liable and considers the act of selling it as too remote to be a proximate cause of an injury caused by the negligent act of the purchaser of the drink.' " The *Henry Grady* case, supra, then, looks to the facts of the death therein involved. In general, the facts show only that hotel employees furnished Sturgis money with which Sturgis either purchased or caused to be purchased liquor, and that, ultimately, the ingestion of liquor directly contributed to Sturgis' death. The opinion concluded that the statute involved (§ 58-1061) did not prohibit the furnishing of money with which liquor might be bought (and thus was not relevant), but the case was not dealing with injuries to a person other than the intoxicated one. Thus, the decision in the *Henry Grady Hotel* case did not turn on the possible liability of the seller of liquor for injuries inflicted upon a third party, and, in fact, that rationale was not accepted in that case, and was expressly

---

v. Freeman, 93 Idaho 389 (462 P2d 54) (1969); Nolan v. Morelli, 154 Conn. 432 (226 A2d 383, 389 (III)) (1967); Hall v. Budagher, 76 N. M. 591 (417 P2d 71) (1966); Hull v. Rund, 150 Colo. 425 (374 P2d 351 (1)) (1962); State v. Hatfield, 197 Md. 249 (78 A2d 754) (1951); Collier v. Stamatis, 63 Ariz. 285 (162 P2d 125, 127 (5)) (1945).

rejected in the *Belding* case.

As was recognized in the *Belding* case, Georgia has no dramshop or civil-damage statute imposing vicarious liability on the seller of liquor for injury inflicted by the intoxicated or minor purchaser upon a third party; therefore, liability must be found within the rules of the common law. The general rule is stated at 48 CJS 716, 717, Intoxicating Liquors, § 430, which provides: "At common law, and apart from statute, no redress exists against persons selling, giving, or furnishing intoxicating liquor, or their sureties, for resulting injuries or damages due to the acts of intoxicated persons . . . While civil damage laws have been enacted in a number of jurisdictions creating a right of action against the dispenser of intoxicating liquors, . . . a remedy exists only to the extent provided for by such statutes, and the common-law rule prevails in a case not coming within their terms, or in jurisdictions where such statutes have not been enacted or are not in effect."

Cases cited by the plaintiff are from jurisdictions which have abrogated the common-law rule of non-liability, this abrogation being necessary to do away with the proximate cause principle of the common law, which holds the person who drank the liquor liable, and considers the act of selling it as too remote to be a proximate cause of an injury resulting from an act of the purchaser of the drink. *Henry Grady Hotel Co. v. Sturgis,* 70 Ga. App. 379, supra, p. 386.

Thus, so long as the common-law rule is adhered to, it matters not whether the act of furnishing liquor may be considered as simple negligence or as negligence per se in violation of the criminal statute—it cannot, alone, leap the common law's chasm of causation. See Parsons v. Jow, 480 P2d 396, 397 (2), supra; Hall v. Budagher, 76 N. M. 591, supra; Britton's Admr. v. Samuels, 143 Ky. 129 (136 SW 143) (1911). This is why the violation of liquor laws cannot be analogized to other types of negligence per se, and why legislation is required which directly imposes liability in derogation of the common law. It is incumbent upon this court to recognize that *Belding* holds as much.

The courts of the State of Georgia are not alone in such a conclusion. In the case of Holmes v. Circo, 196 Neb.

49 (244 NW2d 65) (1976), it was stated at page 70: "[T]he ultimate decision of whether to impose a civil duty on the tavern owner because of a statute drawn to protect the public by preventing the sale of liquor to those intoxicated or under age is clearly a question of policy.

"We are mindful of the misery caused by drunken drivers and the losses sustained by both individuals and society at the hands of drunken drivers, but the task of limiting and defining a new cause of action which could grow from a fact nucleus formed from any combination of numerous permutations of the fact situation before us is properly within the realm of the Legislature.

"The imposition of a common law duty of due care would create a situation rife with uncertainty and difficulty. If the commercial vendor is liable for negligence, does the host at a social gathering owe a duty to prospective victims of guests? The difficulties of recognizing intoxication and predicting conduct of an intoxicated patron without imposing some duty of inquiry are evident. Problems could also arise in the apportionment or sorting out of liability among the owners of various bars visited on 'bar hopping' excursions. The correct standard of care to be used also presents a problem, as does the determination of whether all acts of the patron, including intentional torts, should be included within the liability of the tavern owner or operator.

". . . We agree with the conclusion of the court in Hamm v. Carson City Nugget, Inc. [85 Nev. 99 (450 P2d 358) (1969)], that, in the final analysis, the controlling considerations are public policy and whether the court or the Legislature should declare it. We believe that the decision should be left to the Legislature. The Legislature may hold hearings, debate the relevant policy considerations, weigh the testimony, and, in the event it determines a change in the law is necessary or desirable, it can then draft statutes which would most adequately meet the needs of the public in general, while balancing the interest of specific sectors." To the same effect, see Parsons v. Jow, 480 P2d 396, 397-398 (Sup. Ct. Wyo. 1971), supra; Hall v. Budagher, 76 N. M. 591, supra; Hamm v. Carson City Nugget, Inc., 85 Nev. 99, supra; Meade v. Freeman, 93 Ida. 389, supra.

We further observe that we have had a civil-damage statute on our books for over a century. First appearing in our Code as § 2952 of the Code of 1863, it provided under the "Torts" title:

"A father, or if the father be dead, a mother shall have a right of action against any person who sells or furnishes spirituous liquors to his or her son, under age, for his own use, and without his or her permission."

That section now appears as Code § 105-1205, again under the title "Torts." "The effect of this section of the code is to declare the act to which it refers *to be a tort,* and to give the *parent* a right of action therefor." *Wright v. Smith,* 128 Ga. 432, 433 (57 SE 684) (1907). (Emphasis supplied.)

The only substantive change in this section since 1863 has been the enlarging of the word "son" to "child" by the Code of 1933. It has never been amended to create such a right in a third person as in the present case, nor has any other statute so provided.

Now what is the rule where the legislature, in addition to enacting liquor statutes criminal in nature, legislates further and makes the person furnishing the liquor liable in certain situations? It is that the legislature has preempted the field of civil liability with a resulting limitation of liability for negligence per se to the confines of the civil statute; and this is true even though, as here, the remedy provided for by the statute imposing civil liability is not coextensive with the wrongs declared by the criminal statutes. Farmers Mut. Auto. Ins. Co. v. Gast, 17 Wis. 2d 344 (117 NW2d 347) (1962) and cits.

The only conclusion possible here is that the legislature, by providing a civil remedy for the parent only in Code § 105-1205, has preempted the field and restricted third-party recovery to the terms of that section. Accord, Nolan v. Morelli, 154 Conn. 432, supra; Hamm v. Carson City Nugget, Inc., 85 Nev. 99 (3, 4), supra.

The vice of the position taken by the appellants is that, having proposed that a violation of the statute proscribing the sale of alcoholic beverages to a minor is negligence per se, they then seek to extend that negligence, as a matter of policy, to any injured party. We

do not disagree that the injured minor or previously intoxicated person (as well as the parent of the injured minor) may have a claim against the seller of the alcoholic substance, but we cannot, as a court, short of a policy decision, create the legal position that such negligence can be extended to an injured third party in the absence of a specific statutory synapse. There being no statutory declaration in this state, this is a matter best left to the General Assembly. Accordingly, the grant of summary judgment by the trial court as to the defendant Kroger Company is affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MAY 4, 1977 — DECIDED JULY 8, 1977 — REHEARING DENIED JULY 21, 1977 —

*Malone & Percilla, Thomas Wm. Malone, Frank B. Twitty, H. P. Burt,* for appellants (case no. 53847).

*Twitty & Twitty, Frank B. Twitty,* for appellants (case no. 53848).

*Burt, Burt & Rentz, H. P. Burt,* for appellant (case no. 53849).

*Landau & Davis, Edmund A. Landau, Jr., C. Nathan Davis, Devine, Wilkin, Deriso & Raulerson, E. B. Wilkin, Jr.,* for appellees.