## 66196. NUNN v. COMIDAS EXQUISITOS, INC.

QUILLIAN, Presiding Judge.

Appellee Comidas Exquisitos, Inc., does business as a bar and restaurant called Carlos McGee's. One of its employees was a bartender named Sheehan. Appellant Nunn was a patron in Carlos McGee's who struck and injured Sheehan. Sheehan commenced this action in tort for damages against Nunn. Nunn filed a third party complaint against appellee Comidas Exquisitos alleging that its employees and agents were negligent by serving appellant numerous alcoholic beverages when he was noticeably intoxicated in violation of statutory law, and by not promulgating and enforcing any policies prohibiting its employees from continuing to serve patrons who were noticeably intoxicated, thus proximately causing Sheehan's injuries. The trial court granted appellee summary judgment from which this appeal is taken. *Held:*

In *Keaton v. Kroger Co.,* 143 Ga. App. 23 (237 SE2d 443), we said that Georgia has no dramshop or civil damage statute imposing vicarious liability on sellers of liquor for injury inflicted by intoxicated purchasers upon a third party, that Georgia follows the common law rule that there is no such liability, and that "we cannot, as a court, short of a policy decision, create the legal position that such negligence can be extended to an injured third party in the absence of a specific statutory synapse. There being no statutory declaration in this state, this is a matter best left to the General Assembly." Id. at 30.

Appellant seeks to have us change this law, claiming that there is now a basis for imposing such liability in recently enacted OCGA § 3-3-22 (Code Ann. § 5A-509), which states: "No alcoholic beverage shall be sold, bartered, exchanged, given, provided, or furnished to any person who is in a state of noticeable intoxication."

We do not agree.

OCGA § 3-3-22 (Code Ann. § 5A-509) is but a reenactment of prior statutes imposing criminal liability for violation of the acts prohibited, which have been in existence for over 40 years, long before we decided *Keaton v. Kroger Co.,* 143 Ga. App. 23, supra. Ga. L. 1937-38, Ex. Sess., p. 103, § 15; Ga. L. 1953, Nov.-Dec. Sess., p. 283, § 1; Ga. L. 1980, p. 1206, §§ 2, 5; Code 1933, § 5A-509, enacted by Ga. L. 1980, p. 1573, § 1; Ga. L. 1981, p. 1269, § 21.

Moreover, this statute does not, on its face, impose tort liability on dispensers of alcoholic beverages.

Therefore, since the General Assembly still has not enacted any legislation imposing such civil liability, we adhere to our decision in *Keaton v. Kroger,* and find that the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 2, 1983.

*John A. Pickens,* for appellant.
*Mark V. Spix, Spencer J. Krupp,* for appellee.