68342. RIVERSIDE ENTERPRISES, INC. et al. v. RAHN.

BIRDSONG, Judge.
We granted this application for interlocutory appeal to review the trial court's denial of the defendant's summary judgment on one count of the complaint in this case. This action was filed by the appellee Rahn to recover for injuries she sustained in an automobile collision which occurred while she was operating a vehicle in an intoxicated state. The complaint alleged that appellant, the operator of a restaurant and tavern in Savannah, served Rahn alcoholic beverages knowing she was intoxicated, and that this action on the part of ap-

pellant constituted a proximate cause of her accident and resulting injuries. The trial court granted appellant's motion for summary judgment as to the counts of Rahn's complaint alleging common law liability and the tort of outrage, and appellee has taken no appeal from those portions of that order. However, the trial court denied that portion of appellant's motion seeking summary judgment on Rahn's cause of action pursuant to former Code Ann. § 58-1061 (now in part codified in OCGA § 3-3-22), which prohibits as a crime the sale of alcoholic beverages to noticeably intoxicated persons. *Held*:

The accident from which this action arose occurred on April 3, 1980. Consequently, any substantive rights accruing to appellant from OCGA § 3-3-22 (formerly Code Ann. § 58-1061 (5A-509 subsequent to Ga. L. 1981, pp. 1269, 1280)) would be governed by that statute as it existed prior to the 1980 and 1981 amendments. The statute in effect at the time of this accident provided in part that any person furnishing alcoholic beverages to a noticeably intoxicated person would be guilty of a misdemeanor.

In *Belding v. Johnson*, 86 Ga. 177, 179-181 (12 SE 304), the Supreme Court held that neither the common law of this State nor any statute, impliedly including the forerunner to our present OCGA § 3-3-22 (Code of 1863, Sec. 1381 (Ga. L. 1888-1889, p. 140)), created tort liability on the part of a tavern owner for selling alcoholic beverages to an intoxicated person. This decision and its reasoning was reaffirmed by this court in *Keaton v. Kroger Co.*, 143 Ga. App. 23, 25 (237 SE2d 443), and more recently in *Nunn v. Comidas Exquisitos, Inc.*, 166 Ga. App. 796 (305 SE2d 487). See also *Reeves v. Bridges*, 248 Ga. 600, 602 (284 SE2d 416). Thus, for at least 94 years it has been the law of this State that the statute prohibiting the sale of alcoholic beverages to noticeably intoxicated persons does not create any civil liability on the part of the sellers of alcoholic beverages. As noted in *Nunn*, supra, "the General Assembly still has not enacted any legislation imposing such civil liability. . . ." Compare OCGA § 51-1-18 (a).

Rahn cites dicta contained in *Keaton*, supra, p. 30, wherein the court stated that it did "not disagree that the injured . . . person . . . may have a claim against the seller of the alcoholic substance . . .", as supporting her position that former Code Ann. § 58-1061 affords her, as both the intoxicated person and the injured person, a cause of action against appellant as seller of the intoxicants. It is clear that this statement in *Keaton* was dicta and in no way affected the holding in that case, which clearly stated that this State has no statute imposing tort liability on the seller of alcoholic beverages to intoxicated persons.

We note that the only question presented by this appeal is whether former Code Ann. § 58-1061 creates a cause of action in favor of an injured adult against the seller of alcoholic beverages when the

injuries arose from the injured person's intoxication caused by imbibing those alcoholic beverages and when the person was noticeably intoxicated at the time the beverages were purchased. Despite an extensive supplemental brief submitted by appellee on the issue of common law liability, the portion of the trial court's order granting appellant's motion for summary judgment as to the causes of action for negligence and the tort of outrage are not in issue on this appeal. Inasmuch as appellant incurred no liability pursuant to former Code Ann. § 58-1061, the trial court erred in failing to grant that portion of appellant's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 28, 1984 —
REHEARING DENIED JULY 16, 1984 —

*Joseph P. Brennan, David P. Darden*, for appellants.
*Leo G. Beckmann, Jr., Keith E. Fryer, Guerry R. Thornton, Jr., Thomas W. Malone, A. Martin Kent*, for appellee.