41527. SUTTER et al. v. HUTCHINGS et al.
41528. TURNER et al. v. HUTCHINGS et al.
(327 SE2d 716)

HILL, Chief Justice.

We granted certiorari to decide the following question: Would a jury be authorized to find that a person who furnished alcohol to a noticeably intoxicated person under the legal drinking age, knowing that such person would soon be driving his or her car, is liable in tort to a third person injured by the negligence of the intoxicated driver? The Court of Appeals held that the injured person's widow and estate have no cause of action against one who furnished the alcohol. *Sutter v. Turner,* 172 Ga. App. 777 (325 SE2d 384) (1984). The evidence, construed in favor of plaintiff on defendants' motions for summary judgment, showed the following:

Mrs. Susan Hutchings permitted her 17-year-old daughter, Elizabeth, to provide a keg of beer at a party the daughter was having at their home for some of her high school classmates. Mrs. Hutchings (hereinafter the "hostess") observed Carlton Turner, age 17, engaged in a drinking game called "quarters."[1] When Turner (hereinafter the "minor driver") left at about 11:30 p.m. the beer keg was empty and he was noticeably intoxicated, having consumed the equivalent of seven bottles of beer. When the minor driver said goodbye, the hostess expressed concern over his driving ability. The hostess watched the minor driver get into his car.

A few minutes and less than 4 miles away, the intoxicated minor driver sped through a red light and killed David Sutter.

The victim's widow filed suit in her individual capacity and as executrix of her husband's estate for wrongful death and injuries to the deceased against the minor driver as well as against his stepfather under the family purpose car doctrine. By amendment, the hostess and her daughter were added as defendants, at which point the minor driver and his stepfather filed cross actions against them.

The defendant hostess and her daughter moved for summary judgment against plaintiff and the minor driver and his stepfather. The trial court granted summary judgment against the plaintiff, but denied summary judgment as to the cross actions. Finding in favor of the hostess and her daughter, the Court of Appeals affirmed as to the

---

[1] The legal drinking age at the time was 19. Ga. L. 1981, pp. 1269, 1281. The object of "quarters" is to encourage the players to drink.

plaintiff and reversed as to the cross actions, and this court granted certiorari.

1. The Court of Appeals relied upon a series of cases emanating from *Belding v. Johnson*, 86 Ga. 177 (12 SE 304) (1890), in holding that one who furnishes alcohol to another who in turn injures a third person is not liable to the injured party. Each of those cases is distinguishable,[2] but distinguishing them does not answer the question at issue: Is there a cause of action? For the answer to this question, we must examine common law principles.

The hostess and her daughter argue the common law rule that no tort cause of action arises against one who furnishes intoxicating liquor to a person who thereby voluntarily becomes intoxicated and in consequence of such intoxication injures himself or another. See *Keaton v. Kroger Co.*, 143 Ga. App. 23 (237 SE2d 443) (1977), discussed in the appendix; Anno., 97 ALR3d 528, 533 (1980).[3] However, we are not dealing with a situation where these defendants simply furnished alcohol to a person who thereby voluntarily became intoxicated; we deal with a situation where these defendants furnished alcohol to a person who the defendants knew would soon be driving his car and who was noticeably intoxicated when the alcohol was furnished.[4]

Numerous courts have recognized, as a matter of common law, that a person who furnishes alcohol to a noticeably intoxicated person, knowing that such person will soon be driving his or her vehicle, is liable for injuries caused to third persons by the negligence of such intoxicated driver. *Kelly v. Gwinnell*, 96 NJ 538, 476 A2d 1219, 1228 (1984), ("[W]here the social host directly serves the guest and continues to do so even after the guest is visibly intoxicated, knowing that the guest will soon be driving home, the social host may be liable for the consequences of the resulting drunken driving."); *Linn v. Rand*, 140 NJ Super 212, 356 A2d 15, 19 (1976), ("[A] jury might well determine that a social host who serves excessive amounts of alcoholic beverages to a visibly intoxicated minor, knowing the minor was about to drive a car on the public highways, could reasonably foresee or anticipate an accident or injury as a reasonably foreseeable consequence of his negligence in serving the minor."); *Coulter v. Superior Court of*

---

[2] See Appendix to this opinion.

[3] The common law rule, first applied in Georgia in the 1890 case of *Belding v. Johnson*, supra, arose before invention of the automobile. Hence, many of the early cases involved injuries to the consumer of the alcohol, or crimes (e.g., murder, battery) committed by the consumer while under the influence of alcohol, as opposed to negligence of the consumer in driving a vehicle resulting in injury to others. As Judge Cardozo said in *MacPherson v. Buick Motor Co.*, 217 NY 382, 391, 111 NE 1050, 1053 (1916), "Precedents drawn from the days of travel by stagecoach do not fit the conditions of travel to-day."

[4] Although the evidence is in conflict, because a jury could find that the minor driver was noticeably intoxicated, we accept that as a fact on defendants' motion for summary judgment.

*San Mateo County*, 21 Cal.3d 144, 145 Cal. Rptr. 534, 577 P2d 669, 674 (1978), ("We think it evident that the service of alcoholic beverages to an obviously intoxicated person by one who knows that such intoxicated person intends to drive a motor vehicle creates a *reasonably foreseeable* risk of injury to those on the highway."); *Vesely v. Sager*, 5 Cal.3d 153, 95 Cal. Rptr. 623, 486 P2d 151, 159 (1971), ("[I]t is clear that the furnishing of an alcoholic beverage to an intoxicated person may be a proximate cause of injuries inflicted by that individual upon a third person."); *Taylor v. Ruiz*, 394 A2d 765, 766 (Del. 1978), ("[O]ne who furnishes alcoholic beverages to any person who already appears to be under the influence can be held liable in tort for negligence for any damages proximately caused by the patron as a result of such intoxication."); *Rappaport v. Nichols*, 31 NJ 188, 156 A2d 1, 8 (1959), ("When alcoholic beverages are sold by a tavern keeper to a minor or to an intoxicated person, the unreasonable risk of harm not only to the minor or the intoxicated person but also to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent."); *Berkeley v. Park*, 47 Misc.2d 381, 262 NYS2d 290, 293 (1965), ("[T]he consequences of serving an intoxicated person who drives an automobile more alcohol, were easily foreseeable to the reasonable person."); *Holmquist v. Miller*, 352 NW2d 47 (Minn. App. 1984); *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 128 Cal. Rptr. 215, 546 P2d 719, cert. denied 429 U. S. 859 (1976); *Ono v. Applegate*, 62 Haw. 131, 612 P2d 533 (Hawaii 1980); *Alegria v. Payonk*, 101 Idaho 617, 619 P2d 135 (1980); *Colligan v. Cousar*, 38 Ill.App.2d 392, 187 NE2d 292 (1963); *Elsperman v. Plump*, 446 NE2d 1027 (Ind. App. 1983); *Adamian v. Three Sons, Inc.*, 353 Mass. 498, 233 NE2d 18 (1968); *Cimino v. Milford Keg, Inc.*, 385 Mass. 323, 431 NE2d 920 (1982); *Waynick v. Chicago's Last Dept. Store*, 269 F2d 322 (7th Cir. 1959) (applying Michigan law); *Young v. Gilbert*, 121 NJ Super. 78, 296 A2d 87 (1972); *Figuly v. Knoll*, 185 NJ Super. 477, 449 A2d 564 (1982); *Lopez v. Maez*, 651 P2d 1269 (1982); *Campbell v. Carpenter*, 279 Or. 237, 566 P2d 893 (1977); *Jardine v. Upper Darby Lodge*, 413 Pa. 626, 198 A2d 550 (1964); *Couts v. Ghion*, 421 A2d 1184 (Pa. Super. 1980); Anno., 97 ALR3d 528, 533 (1980).[5]

The traditional formula setting forth the elements of negligence are:

"1. A duty, or obligation, recognized by the law, requiring the ac-

---

[5] Defendants urge that in some of these states, the legislatures have modified the common law. That is, of course, the function of legislatures, just as it is the function of the judiciary to apply the common law until modified by the legislature.

tor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

"2. A failure on his part to conform to the standard required . . . .

"3. A reasonable close causal connection between the conduct and the resulting injury . . . .

"4. Actual loss or damage resulting to the interests of another." Prosser, Law of Torts, 4th ed., § 30 (1971) (footnotes omitted); see *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). Of the four, duty, breach of duty, proximate cause, and actual damage, only the first and third are in issue here.

A person owes to others a duty not to subject them to an unreasonable risk of harm. *Bradley Center v. Wessner*, supra, 250 Ga. at 201. More specifically, OCGA § 3-3-22 provides that "No alcoholic beverage shall be sold . . . given, provided, or furnished to any person who is in a state of noticeable intoxication," and OCGA § 3-3-23 (a) (1) provides that "No person knowingly, by himself or through another, shall furnish [or] cause to be furnished . . . any alcoholic beverage to any person under 19 years of age" except for medical or religious purposes, or in the home with parental consent.

It could be argued that the duty or obligation created by these Code sections runs only to persons noticeably intoxicated or under 19, and not to others. However, in view of risks involved and the General Assembly's efforts to control drunk driving for the protection not only of those drivers but others on the highways, we conclude that these statutory duties protect third parties as well as those noticeably intoxicated and under 19. OCGA §§ 3-3-22, 3-3-23, supra, provide the duty, not the cause of action. However, OCGA § 51-1-6 provides: "When the law requires a person . . . to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." We therefore find that the defendant hostess and her daughter owed a duty to those using the highways not to subject them to an unreasonable risk of harm by furnishing alcohol to a person under 19 who was noticeably intoxicated and who these defendants knew would soon be driving his car.

The defendants argue that, unlike commercial liquor establishments, they have no bouncers to prevent drunken drivers from leaving. However, the duty upon the provider of alcohol is not merely to prevent the intoxicated driver from driving. The duty arises earlier. It is to stop serving alcohol to the driver who is noticeably intoxicated (or share the intoxicated driver's liability to injured third persons).

We turn now to the question of proximate cause. Under many circumstances the act which is *the* proximate cause of the damage resulting from a breach of duty relating to alcohol is the act of the

consumer of the alcohol. Under such circumstances, the consumer is solely liable because the act of furnishing the alcohol is too remote to be the proximate cause of the negligence of the consumer. See *Henry Grady Hotel Co. v. Sturgis*, 70 Ga. App. 379, 386 (28 SE2d 329) (1943); *Keaton v. Kroger Co.*, 143 Ga. App., supra at 26, both discussed in the appendix to this opinion. That is to say, the subsequent act of the consumer is not foreseeable to the provider, or the consumption of an excessive amount of alcohol is the intervening (unforeseeable) cause of the damage.

However, where one provides alcohol to a noticeably intoxicated 17-year-old knowing that he will soon be driving his car, it is foreseeable to the provider that the consumer will drive while intoxicated and a jury would be authorized to find that it is foreseeable to the provider that the intoxicated driver may injure someone.[6] That is to say, a jury would be authorized to find that providing alcohol to a noticeably intoxicated 17-year-old automobile driver was one of the proximate causes of the negligence of the driver and of the injuries to the deceased.[7]

Our holding here is analogous to the long established rule imposing liability upon the owner of an automobile who entrusts it to a person who is intoxicated. In *Crisp v. Wright*, 56 Ga. App. 338, 341 (192 SE 390) (1937), the court held: "Where a person, with knowledge that another person is under the influence of intoxicating liquor and not in a condition safely to operate an automobile, entrusts the automobile to such person to be operated along the public street, he is liable in damages for that person's negligent operation of the automobile, due to his drunkenness." Id. at 341. We find no legal difference between supplying an automobile to a noticeably intoxicated 17-year-old, *Crisp v. Wright*, supra, and supplying alcohol to a noticeably intoxicated 17-year-old automobile driver.

Finally, we pose this question: Which is the more valuable right,

---

[6] Even criminal acts, which normally are considered intervening causes, give rise to liability to those to whom such acts are foreseeable. *Bradley Center v. Wessner*, supra, 250 Ga. at 202-203.

[7] Having determined that providing alcohol to a noticeably intoxicated 17-year-old automobile driver may be found to be the proximate cause of injuries to third persons, we should explain why providing alcohol to a noticeably intoxicated 17-year-old automobile driver does not make the provider liable for injuries to the 17-year-old consumer. See *Shuman v. Mashburn*, 137 Ga. App. 231 (223 SE2d 268) (1976), and *Riverside Enterprises, Inc. v. Rahn*, 171 Ga. App. 674 (320 SE2d 595) (1984), discussed in the appendix. Although the provider owes a duty not to provide alcohol to a driver who is noticeably intoxicated, the driver also owes a duty to exercise ordinary care for his own safety. See *Shuman v. Mashburn*, supra. As between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is the greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider. *Riverside Enterprises, Inc. v. Rahn*, supra.

the right to serve alcohol to one's underage high school friends, or the right not to be killed by an intoxicated underage driver? There is no right to serve alcohol to one's underage high school friends.

Upon the facts of the case before us as is appropriate in judicial decisions, we hold that a jury, under appropriate instructions, would be authorized to find that a person who encouraged another, who was noticeably intoxicated and under the legal drinking age, to become further intoxicated and who furnished to such other person more alcohol, knowing that such person would soon be driving a vehicle, is liable in tort to a person injured by the negligence of such intoxicated driver.

For this reason and those stated above, the judgment in Case No. 41527 is reversed.

2. In Case No. 41528, the minor driver and his stepfather seek to recover against the hostess and her daughter. The stepfather cannot recover under OCGA § 51-1-18 (a) for the reasons stated by the Court of Appeals in the third division of its opinion, which we affirm. Moreover, the damages recoverable under that Code section by a parent may be limited to general and special damages suffered directly by the parent (as opposed to damages the parent may have to pay to a third person). See *Wright v. Smith*, 128 Ga. 432 (57 SE 684) (1907).

As between the minor driver and the hostess and her daughter, the rule is that the consumer of alcohol cannot recover from the provider damages for injuries to a third person caused by the consumer. See *Nunn v. Comidas Exquisitos, Inc.*, 166 Ga. App. 796 (305 SE2d 487) (1983), discussed in the appendix to this opinion; see also footnote 7. For these reasons, the judgment in Case No. 41528 is affirmed.

*Judgment reversed in Case No. 41527; judgment affirmed in Case No. 41528. All the Justices concur, except Marshall, P. J., who dissents in Case No. 41527.*

### APPENDIX.

In *Belding v. Johnson*, 86 Ga. 177 (17 SE 304) (1890), a barkeeper was held not to be liable to the deceased's widow when the deceased was shot and killed by a drunken customer at the bar.

In *Henry Grady Hotel Co. v. Sturgis*, 70 Ga. App. 379 (28 SE2d 329) (1943), the deceased allegedly died from burns resulting from scalding in a bathtub after several days of drinking alcohol purchased with money furnished him by the defendant hotel. Applying the common law rule that the person who consumes the alcohol is responsible and the act of selling the alcohol is too remote to be the proximate cause of an injury caused by the negligence of the consumer, the court held that it is not actionable negligence for one to supply money to a person noticeably intoxicated for the purpose of purchasing and

drinking whiskey.

In *Shuman v. Mashburn*, 137 Ga. App. 231 (223 SE2d 268) (1976), the defendant homeowner furnished plaintiff rum drinks while plaintiff worked on defendant's roof. Defendant furnished plaintiff more rum drinks after observing that plaintiff was intoxicated. Plaintiff dove from the roof into defendant's swimming pool, injuring himself, as the water level appeared higher than it actually was. Denying relief to the plaintiff, the court held that a plaintiff cannot avoid his duty to exercise ordinary care for his own safety with the excuse that the defendant supplied him with alcohol which he voluntarily consumed.

In *Keaton v. Kroger Co.*, 143 Ga. App. 23 (237 SE2d 443) (1977), a sixteen-year-old purchased beer from Kroger. The defendant driver thereafter consumed some of the beer before striking another vehicle, killing and injuring its occupants. The parents of the deceased and injured children sued the driver, his father, and Kroger. The court found Kroger not liable, applying the rule that the person who drinks the liquor is liable; the act of selling it is too remote to be a proximate cause of an injury resulting from the negligence of the consumer.

In *Nunn v. Comidas Exquisitos, Inc.*, 166 Ga. App. 796 (305 SE2d 487) (1983), a bar patron struck and injured a bartender, who sued the bar patron. The bar patron filed a third party complaint against the bar owner, alleging that the bar owner's employees were negligent in serving the bar patron numerous drinks when he was noticeably intoxicated and such negligence proximately caused the bartender's injuries. The court found the bar owner not liable to the bar patron for the bartender's injuries.

In *Riverside Enterprises, Inc. v. Rahn*, 171 Ga. App. 674 (320 SE2d 595) (1984), the defendant tavern operator, knowing plaintiff to be intoxicated, served alcohol to the plaintiff who was injured in an accident when she drove away from the tavern. The court found the tavern operator not liable to plaintiff.

From the foregoing, it can be seen that the provider of alcoholic beverages is not liable for injuries suffered by the consumer of such beverages, even though the consumer was noticeably intoxicated at the time the alcohol was furnished. *Henry Grady Hotel Co. v. Sturgis*, supra; *Shuman v. Mashburn*, supra; *Riverside Enterprises, Inc. v. Rahn*, supra. As between the provider and consumer, the consumer is solely responsible for his or her own injuries.

Moreover, the provider of alcoholic beverages is not liable for intentional criminal acts (e.g., murder, battery) committed by the consumer upon third persons, even though the consumer was noticeably intoxicated at the time the alcohol was furnished. *Belding v. Johnson*, supra; *Nunn v. Comidas Exquisitos, Inc.*, supra. Such criminal conduct is not the foreseeable result of furnishing alcohol to another who

has displayed no aggression.

Finally, the seller of alcoholic beverages is not liable to third persons for injuries caused by the negligence of the consumer where the consumer was not intoxicated at the time the alcohol was furnished. *Keaton v. Kroger Co.*, supra. A person who sells alcohol to one who is not intoxicated is not charged with foreseeing that the purchaser will consume an excessive amount of such alcohol and will drive a vehicle while under the influence of such alcohol.

DECIDED MARCH 14, 1985 —
REHEARING DENIED MARCH 28, 1985.

*Greene, Buckley, DeRieux & Jones, Edward D. Buckley III, Burt DeRieux, Steven J. Misner,* for appellants (case no. 41527).

*Powell, Goldstein, Frazer & Murphy, E. A. Simpson, Jr., William G. Leonard,* for appellants (case no. 41528).

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Jonathan M. Engram,* for appellees.

*Parks, Jackson & Howell, Bernard Parks, Goodman & Bush, James E. Goodman, F. Clay Bush,* amici curiae.