### 69463. BRUMBELOW v. SHONEY'S BIG BOY OF CARROLLTON, INC.
### 69464. ROBINSON v. SHONEY'S BIG BOY OF CARROLLTON, INC.
#### (329 SE2d 319)

DEEN, Presiding Judge.

On the evening of October 12, 1982, Chris Bass, at that time the manager of the appellee Shoney's Big Boy of Carrollton, Inc. (Shoney's), hosted a party at his personal residence for the employees of Shoney's. The party was given, with the approval of the franchise owner, as a reward to the Shoney's employees for their earlier work efforts in bringing about a record volume of sales; all of the party snacks and beverages, including a keg of beer, were provided by the appellee.

Jan Robinson, the appellant in Appeal No. 69464, an eighteen-year-old employee of Shoney's at the time, attended the party. Although there was some dispute over whether she had mostly drunk wine that had been provided by another person, she did drink some of the beer provided by the appellee. No one inquired as to her age at the party. On her way home, Robinson proceeded down an improper lane on a highway and collided head-on with Edna Brumbelow, the appellant in Appeal No. 69463. A state patrolman who investigated the collision observed Robinson and considered her to be obviously intoxicated; a blood test performed within an hour of the collision revealed a blood alcohol content of .14 mgs.

Brumbelow subsequently commenced this action against Robinson and Shoney's, seeking damages for her personal injuries and the damage to her automobile. Robinson filed a cross-claim against Shoney's, seeking indemnity for any damages recovered by Brumbelow against her. Robinson claimed that the notice posted at work about the party referred to the event as a "meeting" and that she had understood that attendance was required; nevertheless, upon her arrival, she had realized that it was merely a party. Robinson's claimed right of indemnity was based upon this alleged mandatory attendance at this employee "meeting." The trial court granted summary judgment for Shoney's, and both the plaintiff Brumbelow and defendant Robinson appeal. *Held*:

In *Sutter v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985) and *Turner v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985), the Supreme Court held that "a person who encouraged another, who was noticeably intoxicated and under the legal drinking age, to become

further intoxicated and who furnished to such other person more alcohol, knowing that such person would soon be driving a vehicle, is liable in tort to a person injured by the negligence of such intoxicated driver." Such an encourager or provider may be liable to a third party injured by the negligence of the intoxicated driver, but not to the actual consumer of the alcohol. Id.

Both appeals here are controlled by *Sutter v. Hutchings*, supra, and *Turner v. Hutchings*, supra. Because there were genuine issues of fact as to whether the defendant, through its agent, furnished alcoholic beverage to the minor Robinson, whether the latter was noticeably intoxicated, and whether it was known that Robinson would be driving a vehicle, this court must now reverse the trial court's grant of summary judgment in favor of Shoney's against Brumbelow, the injured third party. Summary judgment for Shoney's against Robinson, however, was proper. "As between the minor driver and the [host], the rule is that the consumer of alcohol cannot recover from the provider damages for injuries to a third person caused by the consumer. See *Nunn v. Comidas Exquisitos*, 166 Ga. App. 796 (305 SE2d 487) (1983)." *Sutter v. Hutchings*, supra.

*Judgment reversed in Appeal No. 69463, affirmed in Appeal No. 69464. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 15, 1985 —
REHEARING DENIED MARCH 26, 1985 — ▮▮▮▮▮▮▮▮

*E. Lamar Gammage, Jr., George E. Mundy*, for appellant.
*James T. McDonald, Jr., Hansell Lee Smith, Douglas A. Bennett, David P. Darden*, for appellee.