**Kyriaky KALPA, mother and personal representative of Estate of George Kalpa**

v.

**Joseph Thomas PERCZAK and Fair Lanes Georgia Bowling, Inc.**

**Civ. No. C–86–1214–A.**

United States District Court, N.D. Georgia, Atlanta Division.

April 16, 1987.

Michael McLaughlin, Marietta, Ga., for plaintiff.

Gordon Hiles, Atlanta, Ga., for Perczak.

Harry J. Winograd, Atlanta, Ga., for Fair Lanes.

## ORDER

O'KELLEY, District Judge.

Presently before the court is the motion of defendant Fair Lanes Georgia Bowling, Inc. (Fair Lanes) for summary judgment. After careful review of the record, the court finds that Fair Lanes' motion should be granted.

## FACTS

This is an action for wrongful death brought by Kyriaky Kalpa, mother and personal representative of the estate of George Kalpa (Kalpa). Kalpa died on August 24, 1984 after receiving serious injuries on August 18, 1984, when the car in which he was a passenger struck a tree. Kalpa was a guest in a car owned and operated by defendant Joseph Perczak at the time of the collision. Perczak, an eighteen year old, was intoxicated at the time of the collision. The legal drinking age in Georgia at that time was nineteen. O.C. G.A. § 3-3-23 (1982).

Earlier in the evening, Kalpa and Perczak went bowling at Fair Lanes with two friends named Caryl and Alan Straub. Caryl Straub drove the four friends to Fair Lanes. Immediately after arriving at Fair Lanes, the foursome rented their equipment. Afterwards, Caryl went to the bar located inside Fair Lanes and bought a pitcher of beer, which she shared with her husband while they bowled. Although Fair Lanes disputes that Perczak was then sold a pitcher of beer at the same bar, on a motion for summary judgment the court must view the evidence in the light most favorable to the nonmovant and consider as a fact that Perczak was also served alcohol by a Fair Lanes' employee. There was no evidence presented that Perczak had been drinking alcohol on the evening in question, prior to purchasing the pitcher of beer at Fair Lanes.

Plaintiff presented evidence that Perczak drank the pitcher of beer he purchased, with the exception of one glass he poured for Kalpa, during the two and one-half hours the four friends spent bowling at Fair Lanes. Plaintiff presented no evidence that any Fair Lanes' employee had knowledge that Perczak became intoxicated while on Fair Lanes' premises or that a Fair Lanes' employee served alcohol to Perczak at a time when he was noticeably intoxicated.[1]

When the four left Fair Lanes, Caryl Straub drove back to her house. The trip to the Straub house took approximately thirty minutes. Shortly after the four arrived at the Straub house, Perczak, Kalpa, Alan Straub, and another friend named

---

1. In opposition to Fair Lanes motion for summary judgment, plaintiff filed excerpts from the depositions of Caryl and Alan Straub.

Christopher Blankenship left in Perczak's automobile to visit one of Perczak's friends. Perczak was driving. Approximately three minutes later, Perczak's car crashed into a tree. As a result of the collision, Kalpa sustained the injuries that later caused his death.

## DISCUSSION OF LAW

O.C.G.A. § 3–3–22 (1982) provides that "[n]o alcoholic beverage shall be sold ... to any person who is in a noticeable state of intoxication." O.C.G.A. § 3–3–23(a)(1) (1982) provides that "[n]o person knowingly, by himself, or through another, shall furnish [or] cause to be furnished ... any alcoholic beverage to any person under 19 years of age." [2]

The common law in Georgia was that no tort action arises against one who furnishes intoxicating liquor to a person who thereby voluntarily becomes intoxicated and as a result of his intoxication injures himself or another. *Belding v. Johnson*, 86 Ga. 177, 12 S.E. 304 (1890); *Riverside Enterprises, Inc. v. Rahn*, 171 Ga.App. 674, 320 S.E.2d 595 (1984); *Nunn v. Comidas Exquisitos, Inc.*, 166 Ga.App. 796, 305 S.E.2d 487 (1983); *Keaton v. Kroger Co.*, 143 Ga.App. 23, 237 S.E.2d 443 (1977). In 1985, however, the Georgia Supreme Court in *Sutter v. Hutchings*, 254 Ga. 194, 327 S.E.2d 716 (1985), held that "a person who encouraged another, who was noticeably intoxicated and under the legal drinking age, to become further intoxicated and who furnished to such person more alcohol knowing that such a person would soon be driving a vehicle, [would be] liable in tort to a person injured by the negligence of the intoxicated driver." *Id.* at 199, 327 S.E.2d at 720. Thus, the Georgia Supreme Court, using O.C.G.A. § 51–1–6 (1982), created a civil tort action under certain circumstances for violations of O.C.G.A. §§ 3–3–22 and 3–3–23(a)(1). O.C.G.A. § 51–1–6 provides: "When the law requires a person ... to refrain from doing an act which may injure another, although no cause of action is

given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

Plaintiff argues that defendant should not be entitled to summary judgment because the *Sutter* case, and the cases of *Brumbelow v. Shoney's Big Boy of Carrollton, Inc.*, 174 Ga.App. 160, 329 S.E.2d 319 (1985) and *Dobozy v. Cochran Airport Systems, Inc.*, 174 Ga.App. 625, 330 S.E.2d 815 (1985), have unequivocally changed Georgia's stand on finding civil liability on the seller of alcoholic beverages when a third person is injured as a result of the consumer's negligence.

This court agrees that the *Sutter* decision has changed the law in Georgia regarding civil liability of providers of alcohol when a third person is injured as a result of the negligence of the consumer of the alcohol. The court does not find, however, that the *Sutter* decision is as broad as plaintiff argues.

In *Sutter*, the mother of a seventeen year-old daughter, allowed her daughter to have a keg of beer at a party in their home for some of her daughter's classmates. Carlton Turner, also age seventeen, who was a guest at the party became intoxicated while at the party. He was served alcohol at the party after he was noticeably intoxicated. Although he was still noticeably intoxicated at the time he left, he was allowed to drive his automobile. A few minutes later he sped through a red light and killed David Sutter, the driver of a car crossing the intersection.

The essential elements of a negligence claim are: (1) a duty, or obligation, recognized by law, requiring one to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a breach of that duty; (3) proximate causation; and (4) actual loss or damage by the plaintiff. *Sutter*, 254 Ga. at 196–97, 327 S.E.2d at 718. The court finds that the third element, proximate causation, although present in *Sutter*, is lacking in this case. In *Sutter*, the court emphasized that

---

**2.** Effective September 30, 1986, the legal drinking age in Georgia was raised to age twenty-one

O.C.G.A. § 3–3–23(a)(1) (Supp.1986).

the defendants knew that Sutter was intoxicated but continued to serve him alcohol and that the defendants knew Sutter would soon be driving. In this case, both of those elements are lacking.

This case is very similar to facts in *Keaton v. Kroger Co.*, 143 Ga.App. 23, 237 S.E.2d 443 (1977). In *Keaton*, minors purchased thirty-two bottles of beer at Kroger and drove around while drinking the beer. Later, the minor who was driving ran a stop sign killing five people. The Georgia Court of Appeals granted summary judgment for defendant Kroger.

In *Sutter*, the Georgia Supreme Court cited the *Keaton* case with approval as an example of a case in which the consumer of the alcohol is solely liable because the act is too remote to be the proximate cause of plaintiff's damage. *Sutter*, 254 Ga. at 197–98, 327 S.E.2d at 719. Thus, the Georgia high court implied that even if a defendant provides alcohol to a minor, the minor's consumption of an excessive amount of alcohol would be an unforeseeable intervening cause relieving the defendant of responsibility for plaintiff's damage. In this case, there is no evidence that Perczak consumed any alcohol on the evening in question prior to purchasing a pitcher of beer at Fair Lanes, that any Fair Lanes' employee had knowledge that Perczak became intoxicated from drinking the pitcher of beer, or that any Fair Lanes' employee knew Perczak would be driving an automobile. For these reasons, the court finds as a matter of law that there is insufficient evidence in this case to show that any breach of duty by Fair Lanes relating to alcohol was the proximate cause of Kalpa's death.

The court notes that like facts in the *Brumbelow* and *Dobozy* cases on which plaintiff also relies were very similar to the facts in *Sutter*. In reaching its decision, however, this court, like the Georgia Court of Appeals in those cases, is guided by the Georgia Supreme Court's decision in *Sutter*. For this reason, the court will not discuss those cases separately.

Accordingly, defendant Fair Lanes' motion for summary judgment is granted.