A02A0359. LUMPKIN et al. v. MELLOW MUSHROOM et al.
(567 SE2d 728)

RUFFIN, Judge.
Eighteen-year-old Christian Lumpkin died from injuries he sustained when he fell out of a Jeep driven by his friend, Seth Callaway. Lumpkin's parents sued Mellow Mushroom,[1] alleging that the defendant caused their son's death by negligently serving him alcohol. The trial court granted Mellow Mushroom's motion for summary judgment, and the Lumpkins appealed. For reasons that follow, we affirm.

> At summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to [an] essential element of the case.[2]

---

[8] See *McClung v. Schulte*, 214 Ga. 426, 429 (105 SE2d 225) (1958) (no adverse possession where owner gave permission for encroachment and plaintiff never gave owner notice of any adverse claim).
[1] The Lumpkins also sued Callaway and his father, but they are not parties to this appeal.
[2] (Citation and punctuation omitted.) *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 891 (473 SE2d 213) (1996).

Viewed in this light, the evidence shows that Mellow Mushroom was known among Christian's peers as an establishment that served beer to underage patrons. On the evening of June 7, 2000, Christian sat at Mellow Mushroom's bar and drank beer. It is unclear how much beer Christian consumed, but several witnesses who had seen him that night reported that he did not appear to be drunk, while another stated that he may have been "mildly" intoxicated.

Christian left Mellow Mushroom at approximately 12:30 a.m. and drove to Callaway's house. Once there, he and Callaway decided to buy some beer and visit a friend. They went to the store in Callaway's Jeep, which did not have a passenger side door. Callaway drove, and Christian sat in the passenger seat. During the drive to the friend's house, Christian unbuckled his seat belt and began hanging out of the Jeep. At some point, Christian apparently lost his grip and fell out of the Jeep. He was taken to the hospital, where he later died from his injuries.

The Lumpkins sued Mellow Mushroom, alleging that the defendant was negligent in serving beer to Christian because he was under the legal drinking age. Mellow Mushroom moved for summary judgment, arguing that under OCGA § 51-1-40 (a), it was not the proximate cause of Christian's death as a matter of law. Although we are troubled by Mellow Mushroom's alleged practice of selling beer to minors, we agree with the trial court that the defendant was entitled to summary judgment.

To prevail on its claim that Mellow Mushroom was negligent, the Lumpkins were required to show that the defendant had a duty "to conform to a certain standard of conduct," that it breached this duty, that there was "[a] reasonable close causal connection between [Mellow Mushroom's] conduct and the resulting injury," and that they suffered some loss or damage.[3] On summary judgment, we accept as true that Mellow Mushroom breached its duty to abstain from serving Christian alcohol. Georgia's Code clearly provides that, "[e]xcept as otherwise authorized by law[,] [n]o person knowingly, directly or through another person, shall furnish, cause to be furnished, or permit any person in such person's employ to furnish any alcoholic beverage to any person under 21 years of age."[4] Because Christian was only 18 years old at the time, Mellow Mushroom violated the law and the duty it imposed.

But under the facts of this case, the Lumpkins cannot show that Mellow Mushroom's breach proximately caused Christian's death.

---

[3] (Punctuation omitted.) *Sutter v. Hutchings*, 254 Ga. 194, 196-197 (1) (327 SE2d 716) (1985).

[4] OCGA § 3-3-23 (a) (1).

Under the common law, "no redress exists against persons selling, giving, or furnishing intoxicating liquor, or their sureties, for resulting injuries or damages due to the acts of intoxicated persons."[5] The common law rule "holds the [person] who drank the liquor liable and considers the act of selling it as too remote to be a proximate cause of an injury caused by the negligent act of the purchaser of the drink."[6] Though we, as judges, may find the common law rule harsh, and at times unreasonable, "courts have no authority to grant recoveries or authorize actions unknown to the common law. That is a matter for the legislature."[7]

In 1988, our legislature enacted a host liability statute that recognized the vitality of the common law rule, but created limited exceptions to the rule.[8] In keeping with the common law,

> [t]he General Assembly [found and declared] that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section.[9]

The exception provides, in pertinent part, that:

> a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor . . . when the sale, furnishing, or serving is the proximate cause of such injury or damage.[10]

The statutory language clearly reflects a legislative intent to limit the exception to those cases in which the underaged person causes an injury while driving. Here, the undisputed evidence shows that Christian was not driving when he fell out of the Jeep, and it is undisputed that the exception does not apply.

---

[5] (Punctuation omitted.) *Keaton v. Kroger Co.*, 143 Ga. App. 23, 27 (237 SE2d 443) (1977).

[6] (Punctuation omitted.) Id. at 26.

[7] (Punctuation omitted.) Id. at 25.

[8] See OCGA § 51-1-40 (enacted by Ga. L. 1988, p. 1692, § 1).

[9] OCGA § 51-1-40 (a).

[10] OCGA § 51-1-40 (b). See also *Riley v. H & H Operations*, 263 Ga. 652, 653 (1) (436 SE2d 659) (1993).

Instead, the Lumpkins squarely rest their claim against Mellow Mushroom on the defendant's violation of OCGA § 3-3-23, which prohibits serving alcohol to an underage person. They argue that Mellow Mushroom's breach of this statutory duty establishes a cause of action for ordinary negligence, negligence per se, and under the rule stated in OCGA § 51-1-6, which provides that, "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

These contentions, however, ignore the common law rule of no liability and the legislature's explicit declaration that, except in limited circumstances, the furnishing or serving of alcoholic beverages is not the proximate cause of any injury inflicted by an intoxicated person upon himself.[11]

> Thus, so long as the common-law rule is adhered to, it matters not whether the act of furnishing liquor may be considered as simple negligence or as negligence per se in violation of the criminal statute — it cannot, alone, leap the common law's chasm of causation. This is why the violation of liquor laws cannot be analogized to other types of negligence per se, and why legislation is required which *directly imposes liability in derogation of the common law.*[12]

For the same reason, OCGA § 51-1-6 does not establish a cause of action based on the violation of OCGA § 3-3-23. Notwithstanding Mellow Mushroom's breach of a statutory duty, the legislature has declared that the breach of that duty was not a proximate cause of Christian's death.[13] Accordingly, the Lumpkins were unable to establish an essential element of their claim, and the trial court properly granted Mellow Mushroom's motion for summary judgment.[14]

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED JUNE 24, 2002.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, C. Dorian Britt,* for appellants.

---

[11] OCGA § 51-1-40 (a).

[12] (Citations omitted; emphasis supplied.) *Kroger Co.*, supra at 27. See also *Tootle*, supra at 893 (2).

[13] See OCGA § 51-1-40 (a).

[14] See *Tootle*, supra; *Kroger Co.*, supra.

*Brennan, Harris & Rominger, Edward R. Stabell III, Kristine B. Shehane,* for appellees.